T.C. Summary Opinion 2016-14

UNITED STATES TAX COURT

LUCAS MATTHEW MCCARVILLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22267-14S.                    Filed April 4, 2016.

Lucas Matthew McCarville, pro se.

<u>Trisha S. Farrow</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]  Unless otherwise indicated, all subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,500 in petitioner's Federal income tax for 2012.

The sole issue for decision is whether petitioner is entitled to an American Opportunity Tax Credit in an amount greater than that conceded by respondent at trial.

Background

Some of the facts have been stipulated, and they are so found. The Court incorporates by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of Arizona at the time that the petition was filed with the Court.

Petitioner, a cash basis taxpayer who reports on a calendar year basis, is a college graduate, having attended Arizona State University (ASU) in Tempe, Arizona, where he majored in finance. Petitioner matriculated in August 2008 and

[1](...continued)
Internal Revenue Code in effect for 2012, the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

graduated in May 2012. Throughout his college career petitioner worked part time to help support himself and finance his education.

As with many colleges and universities, the academic year at ASU consists of the fall semester and the spring semester. The fall semester at ASU begins in August and ends in December whereas the spring semester begins in January and ends in May.

Petitioner paid his tuition for the fall semester 2011--$4,895--on August 6, 2011. Petitioner paid his tuition for the spring semester 2012--again, $4,895--on December 18, 2011, even though ASU did not require payment for that semester until January 25, 2012; petitioner paid his tuition early because he wanted it to be "in the bank".

During his final semester at ASU petitioner paid $247.47 for textbook rental but did not incur any other education-related expenses.

Petitioner timely filed a Form 1040A, U.S. Individual Income Tax Return, for 2012. On his return petitioner reported wages and tips from his part-time employment and he claimed an American Opportunity Tax Credit of $2,500. In support of that credit petitioner attached to his return Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits).

ASU did not issue petitioner a Form 1098-T, Tuition Statement, for 2012. This led respondent to examine petitioner's 2012 tax return and, ultimately, to issue a notice of deficiency disallowing the $2,500 American Opportunity Tax Credit that petitioner claimed. Petitioner then appealed to this Court by commencing the instant case.

At trial respondent conceded that petitioner is entitled to an American Opportunity Tax Credit of $247.47 for 2012 for the cost he incurred in that year for textbook rental.

## Discussion

The Court decides the disputed issue in this case on the basis of the evidence and without regard to the burden of proof. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933); cf. sec. 7491(a).

Section 25A authorizes an American Opportunity Tax Credit[2] equal to (1) 100% of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year for education furnished during any academic period beginning in such taxable year as does not exceed $2,000, plus (2) 25% of such

---

[2] The American Opportunity Tax Credit is a modified version of the Hope Scholarship Credit. Sec. 25A(a)(1), (b), (i)(1).

expenses so paid as exceeds $2,000 but does not exceed $4,000. Sec. 25A(i)(1). Thus, the maximum amount of the credit is $2,500, i.e., $2,000 plus $0.25 \times$ ($4,000 – $2,000).

In general, an American Opportunity Tax Credit is allowed "only for payments of qualified tuition and related expenses for an academic period beginning in the same taxable year as the year the payment is made." Sec. 1.25A-5(e)(1), Income Tax Regs. For a taxpayer such as petitioner who uses the cash-- rather than the accrual--method of accounting, such qualified tuition and related expenses are treated as paid in the year in which the expenses are actually paid. Id.

There is a limited exception to this timing rule in the case of certain prepayments of qualified tuition and related expenses. Thus, section 25A(g)(4) provides that if such tuition and expenses "are paid by the taxpayer during a taxable year for an academic period which begins during the first 3 months following such taxable year, such academic period shall be treated for purposes of this section as beginning during such taxable year." The opacity of this provision is made clearer by the related regulation, which provides as follows:

> If qualified tuition and related expenses are paid during one taxable year for an academic period that begins during the first three months of the taxpayer's next taxable year (i.e., in January, February, or March of the next taxable year for calendar year taxpayers), an education tax credit is allowed with respect to the qualified tuition and related expenses only in the taxable year in which the expenses are paid.

Sec. 1.25A-5(e)(2)(i), Income Tax Regs. (emphasis added).  As applied to the instant case, the regulation thus provides that if tuition is paid in 2011 for a semester beginning in January 2012, an education tax credit is allowed for that tuition only for 2011.

To the extent that there might be any question about the application of the regulation to the instant case, the example in the regulation lays the matter to rest. Thus:

> In December 1998, Taxpayer A, a calendar year taxpayer, pays College Z $1,000 in qualified tuition and related expenses to attend classes during the 1999 Spring semester, which begins in January 1999. Taxpayer A may claim an education tax credit only in 1998 for payments made in 1998 for the 1999 Spring semester.  [Emphasis added.]

Sec. 1.25A-5(e)(2)(ii), Example, Income Tax Regs.; see sec. 1.25A-3(e), Income Tax Regs.

Respondent does not dispute that petitioner paid qualified tuition of $4,895 on December 18, 2011, for the spring semester beginning in January 2012.

Petitioner would therefore be entitled to an American Opportunity Tax Credit with respect to this payment, <u>if at all</u>, for 2011.[3] <u>See</u> sec. 25A(g)(4); sec. 1.25A-5(e)(2)(ii), Income Tax Regs. Neither section 25A nor the regulations thereunder permit a cash basis taxpayer to claim an American Opportunity Tax Credit for a year other than the taxable year in which the payment was actually made. Accordingly, petitioner is not entitled to such a credit for 2012 with respect to his December 18, 2011 payment of $4,895.

Petitioner contends that "[i]t just seems kind of wrong" to be denied the American Opportunity Tax Credit on his 2012 return "essentially for paying it [tuition] early" given respondent's admission that the credit would otherwise have been allowed. In this regard the Court acknowledges that the statutory requirements regarding the timing of the credit may very well seem to work a harsh result in a case such as this when a mere two-week delay in making the December 18, 2011 payment would have occasioned a different outcome. Unfortunately for petitioner, however, the Court is obliged to follow the dictates

---

[3] At trial petitioner recollected that he had claimed an American Opportunity Tax Credit on his 2011 return, presumably in respect of the tuition paid on August 6, 2011, for the fall semester that year. If so, then petitioner would already have claimed the maximum amount of the credit for 2011. <u>See</u> sec. 25A(a)(1), (i)(1).

of the law even though one might wish they were more flexible. <u>Michaels v. Commissioner</u>, 87 T.C. 1412, 1417 (1986) ("[W]e are bound by the wording of the statute as enacted and the accompanying regulations, when consistent therewith.").

In conclusion, the Court holds that for 2012 petitioner is entitled to an American Opportunity Tax Credit of $247.47, i.e., the amount he paid for education expenses in that year.

In order to give effect to the foregoing,

<u>Decision will be entered for respondent for the reduced deficiency of $2,252.53</u>.